UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CESAR BALTAZAR SANCHEZ,** } | |
| } | |
| **Petitioner,** } | |
| } | |
| v. } | Case No.: **4:18-CV-08001-RDP** |
| } | (**4:16-CR-00258-RDP-JHE-1**) |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Respondent.** } | |

## MEMORANDUM OPINION

Before the court is Cesar Baltazar Sanchez ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. (Doc. # 1). In that Motion, Petitioner alleges that his attorney failed to file an appeal (despite being directed to do so by Petitioner) and that his attorney failed to consult with him regarding that filing. (Doc. # 1). The United States Government filed a timely response to Petitioner's Motion on June 11, 2018, and sought dismissal of Petitioner's motion in its entirety. (Doc. # 10). On July 5, 2018, Petitioner filed a response. (Doc. # 11).

The court concluded that a hearing in this case was necessary to resolve disputed issues of fact. But, the court faced difficulties holding that hearing due to a number of issues, including most recently the COVID-19 pandemic and the Bureau of Prison's inability (until April 2021) to transport Petitioner to this district for a hearing. That hearing was finally held on April 26, 2021. The Motion has been fully briefed and is properly before the court. After careful review, and for the following reasons, Petitioner's § 2255 motion is due to be denied.

**I.     Background**

As part of a multi-party criminal conspiracy case, Sanchez was indicted on the following charges: one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (Count One); one count of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count Two); and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (Count Five). (Cr. Doc. # 1). On June 6, 2017, Petitioner pleaded guilty to Counts One, Two, and Five. (Cr. Doc. # 75). And, as part of an accompanying plea deal, Petitioner waived his rights to appeal his sentence and/or conviction notwithstanding some claims enumerated in the plea agreement, such as ineffective assistance of counsel. (Cr. Doc. # 54).

After Petitioner pleaded guilty, a Presentence Investigative Report ("PSR") was prepared and disclosed to the parties. (Cr. Doc. # 73). Given Petitioner's prior history and total offense level, the sentencing guideline range was 262 to 327 months. (Cr. Doc. # 67). Initially, Petitioner objected to the sentencing range, but his objection was overruled by the court, which found the guideline range appropriate. (Cr. Doc. # 88). On June 9, 2017, this court varied and sentenced Petitioner to a term of 220 months of imprisonment, followed by 60 months of supervised release. (Cr. Doc. # 87). Petitioner did not file a direct appeal after his sentencing.

In his Motion (Doc. # 1), Petitioner claims his attorney, W. Scott Brower ("Brower"), failed to consult with Petitioner regarding an appeal and/or failed to follow Petitioner's direction to file an appeal. The court addresses those claims below.

**II.     Discussion**

When serving as a fact finder, district courts are called upon to make credibility findings. It is a common occurrence that a claimant lays the blame at the foot of the respondent and that the respondent disputes the version of events the claimant alleges. Colloquially, this has been referred to as a "he said, she said" situation. Petitioner's original habeas petition fell squarely into this category. Indeed, more precisely, Petitioner presented the court with a "he (Petitioner) said, he (Brower) said" dispute. But, at the hearing, Petitioner's claim appeared to transmogrify.

In his § 2255 Motion, Petitioner alleged that after sentencing, he requested Brower, through an interpreter,[1] to file a notice of appeal because Brower had led Petitioner to believe that he was going to receive a sentence of less than 220 months. (Doc. # 1 at 14). According to Petitioner, not only did Brower fail to file an appeal, but Brower also failed to consult with Petitioner regarding his appellate rights and the advantages and disadvantages of filing an appeal. (Doc. # 1). ("After the sentencing, [Petitioner] avers that he spoke to the Interpreter about filing an appeal in light of the fact that he had received more time than was originally expressed by Attorney W. Scott [Brower]. In which the Interpreter expressed this to his defense counsel."). Thus, in his § 2255 Motion, Petitioner contends that he was denied effective assistance of counsel when his attorney did not comply with his specific request to file a notice of appeal in his criminal case and again when Brower failed to consult with him regarding the filing of an appeal. (Doc. # 1 at 15-17, 20). So, in his petition, Petitioner blamed Brower, not the interpreter, for the failure to file an appeal. (Doc. # 1). Brower responded by affidavit. He maintained that he consulted with Petitioner regarding his appellate rights and that Petitioner never requested an appeal. (Doc. # 10-1).

---

[1] Petitioner's native language is Spanish, and his English proficiency is limited.

3

But, at the evidentiary hearing, Petitioner's story changed. Instead of claiming that Brower was at fault for not filing an appeal, Petitioner asserted that the interpreter at his sentencing failed to convey (or translate) Petitioner's statements to Brower. In other words, instead of presenting a "he (Petitioner) said, he (Brower) said" controversy, Petitioner pointed to a "he (Petitioner) said, she (the interpreter) didn't say" dispute.[2] Furthermore, Petitioner candidly admitted that Brower had consulted with him regarding his appellate rights in advance of his sentencing. (Doc. # 29 at 31). With this change of the story in mind, the court turns to Petitioner's claims.

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) his attorney's performance failed to meet "an objective standard of reasonableness" and (2) because of that substandard performance, his rights were prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687-93 (1984). In the Motion, Petitioner makes two intertwined claims that must be analyzed slightly differently under *Strickland* and its progeny. Petitioner maintains: (1) Brower failed to file an appeal despite being explicitly directed to do so by Petitioner through the aid of an interpreter (Doc. # 1) and (2) Brower failed to consult with Petitioner about the filing of an appeal (Docs. # 1, 11).

The Supreme Court in *Roe v. Flores-Ortega* determined a defendant should be granted an out-of-time appeal if the defendant shows his attorney failed to file an appeal after the defendant explicitly directed him to do so. A similar remedy is available to a defendant who shows his attorney failed to "consult" with him regarding an appeal so long as there was "reason [for the attorney] to think either (1) that a rational defendant would want to appeal (for example, because there [were] nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably

---

[2] Though the court has reviewed Brower's testimony, the court has not been presented with testimony by the interpreter as Petitioner did not raise this claim in his petition or reference it until the evidentiary hearing. (*See* Doc. # 29 at 7, 13).

demonstrated to counsel that he was interested in appealing." 528 U.S. 470, 480 (2000). These lines of inquiry essentially replace the first prong of the *Strickland* test — a finding that a lawyer failed to file an appeal or failed to reasonably consult about one will lead a court to conclude the petitioner's counsel "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Flores-Ortega*, 528 U.S. at 480.

In *Gomez-Diaz v. United States*, the Eleventh Circuit held "that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner *per se*" and that this rule "applies with equal force [even] where a defendant has waived some, but not all, of his appeal rights." 433 F.3d 788, 792 (11th Cir. 2005); *see Flores-Ortega*, 528 U.S. at 477; *Medina v. United States*, 167 F. App'x 128, 134 (11th Cir. 2006). The Eleventh Circuit has been clear that when a defendant waives some of his appellate rights, but still expresses to counsel a desire to appeal his sentence, it is imperative that the district court (1) conduct an evidentiary hearing and (2) determine whether the defendant's statements "sufficient[ly] trigger his counsel's *per se* duty to appeal. *Gomez-Diaz*, 433 F.3d at 793.

In addressing the prejudice prong of *Strickland*, in cases where a defendant alleged his counsel failed to consult with him the Supreme Court has explained that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. To satisfy this burden, the defendant is not required to "specify the points he would raise were his right to appeal reinstated." *Id.* at 486. Although a defendant may point to his interest in filing an appeal as evidence, a defendant cannot depend entirely on this evidence to establish that, "had [he] received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id.*

5

The papers filed by the parties evidenced conflicting statements as to whether Petitioner explicitly told Brower to file an appeal and whether Brower "explained [to Petitioner] the appellate process or the advantages and disadvantages of taking an appeal, []or that he was obligated to file an appeal if that was what [Petitioner] wanted." *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007). Brower testified in his affidavit that he met with Petitioner on multiple occasions with the aid of an interpreter and that Petitioner never directed him to file an appeal. (Doc. # 10-1). Further, Brower stated that he discussed with Petitioner the following with the aid of an interpreter: Petitioner's rights regarding appeal, his chances of a successful appeal, what circumstances would allow Petitioner to appeal in accordance with the guilty plea waiver, and the time limits on filing any appeal. (*Id.*). Petitioner initially maintained that he explicitly directed Brower to file an appeal and that Brower never consulted him regarding appeal. (Docs. # 1, 11). This was the subject of testimony during the evidentiary hearing. However, as mentioned above, Petitioner admitted at the hearing that Brower informed him of his appellate rights. (Doc. # 29 at 31).

Based upon the conflicting positions in the parties submissions, on April 26, 2021, the court held an evidentiary hearing to determine: (1) whether Brower failed to consult with Petitioner about filing an appeal; (2) whether Brower failed to file an appeal despite being explicitly directed to do so by Petitioner; and (3) whether Petitioner could demonstrate that but for Brower's alleged failure to consult with him, Petitioner would have filed an appeal.

Based on the testimony and facts presented at the hearing and the record, the court finds that Brower adequately counseled Petitioner about his appellate rights and that Brower was never asked to file an appeal. Therefore, for these reasons, and for the other reasons discussed below, both of Petitioner's claims fail.

6

As Petitioner admitted at the evidentiary hearing, Brower informed him of his appellate rights in advance of the sentencing hearing and directed Petitioner as to the steps that were necessary to appeal his sentence. (Doc. # 29 at 31). When informing Petitioner of his appellate rights, Brower maintains he discussed with Petitioner his rights regarding appeal, his chances of a successful appeal, what circumstances would allow Petitioner to appeal in accordance with the guilty plea waiver, and the time limits on filing any appeal. (Doc. # 10-1). Despite asserting otherwise in his original § 2255 filing, Petitioner no longer disputes that Brower advised him of his appellate rights. (Doc. # 29 at 31). Therefore, the court finds Brower met the Supreme Court's standard for adequate consultation about an appeal. *See Flores-Ortega*, 528 U.S. at 478 (stating that an attorney "consults" with her client if she "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes"); *Guaranda v. United States*, 2017 WL 1730097, at *10 (M.D. Fla. June 14, 2007) (finding that the petitioner's attorney did not need to consult with the petitioner "during the ten days immediately following sentencing" because the attorney had discussed the petitioner's appellate rights with the petitioner prior to sentencing). Accordingly, the court concludes that Brower acted reasonably by consulting with Petitioner and that Petitioner's "failure-to-consult" claim fails under *Strickland*'s first prong.

Having said that, the court concludes alternatively that even if Petitioner succeeded in showing that Brower failed to act reasonably by consulting with Petitioner regarding his appellate rights (and, to be clear, Petitioner has not succeeded in making such a showing), Petitioner's failure-to-consult claim still fails because he has not shown Brower was put on notice (or aware) that there was a need to consult with Petitioner.[3] To satisfy *Strickland*'s second prong with regard

---

[3] To be sure, consulting with a defendant regarding appeal is best practice. *See Flores-Ortega*, 528 U.S. at 479 (citation omitted) ("[T]he better practice is for counsel routinely to consult with the defendant regarding the

to a failure-to-consult claim, a petitioner must show there was "reason [for the attorney] to think either (1) that a rational defendant would want to appeal (for example, because there [were] nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Here, neither condition is met.

In his plea agreement Petitioner waived his right of appeal (with limited exceptions), at his plea hearing he indicated to the court his waiver was knowingly and voluntarily made, and ultimately at his sentencing hearing he received a below Guidelines sentence. (Cr. Docs. # 54, 87, 88). The Eleventh Circuit has found that similar facts weigh against a finding that an attorney would have reason to believe his client would want to appeal. *See Gaston v. United States*, 318 Fed. App'x. 750, 752 (11th Cir. 2008) (citing *Devine v. United States*, 520 F.3d 1286, 1288-89 (11th Cir. 2008) (finding "there was no non-frivolous ground for appeal" because, in part, "defendant had pled guilty, there was an appeal waiver, and defendant had received a sentence at the bottom of the guidelines")). Thus, after reviewing the record and taking into account the testimony presented at the evidentiary hearing, the court finds that Brower had no reason to believe a rational defendant facing such an outcome would wish to appeal. And, as addressed in more detail below, the court also finds that Petitioner never demonstrated to Brower that he was interested in appealing his sentence. Thus, Petitioner's failure-to-consult claim fails under *Strickland*'s second prong.

Petitioner's claim that Brower failed to file an appeal after being directed to do so fares no better. Unlike a failure-to-consult claim, which requires a determination of whether the petitioner's rights are prejudiced, *Strickland*'s second prong is presumed to be met if a petitioner succeeds in

---

possibility of an appeal."). But, consulting with a client regarding his or her appellate rights is constitutionally mandated only in certain situations.

showing that he directed his attorney to file an appeal and that his attorney failed to do so. *See Gomez-Diaz*, 433 F.3d at 791-92 (citations omitted) ("The Court first reaffirmed the well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se."). Accordingly, the success of Petitioner's claim that Brower failed to file an appeal despite being directed to do so depends only upon whether Petitioner did, in fact, direct Brower to file an appeal.

Based on the testimony presented at the evidentiary hearing, the court credits the testimony of Brower and rejects the testimony of Petitioner. Brower's testimony was definitive and specific. For example, Brower recalled specific discussions he had with Petitioner prior to sentencing including conversations about undercover buys and discovery. (Doc. # 29 at 20). Petitioner's testimony was vague and often contradictory. For example, Petitioner maintained that because of the interpreter's errors at the sentencing, he did not understand at the time that he had been sentenced to 220 months. (Doc. # 29 at 7). But, Petitioner also previously claimed that he told Brower (through the interpreter) to file an appeal at the end of the same hearing because he believed 220 months was too great of a sentence. (Doc. # 29 at 31-32). So, Petitioner's testimony at the evidentiary hearing conflicts with the assertions he made in his original § 2255 filing — namely that Brower was at fault for the failure to file an appeal, not the interpreter.[4] (*See* Doc. # 1 at 14) ("After the sentencing, [Petitioner] avers that he spoke to the Interpreter about filing an appeal in light of the fact that he had received more time than was originally expressed by Attorney W. Scott [Brower]. In which the Interpreter expressed this to his defense counsel.").

---

[4] The court has doubts as to whether Petitioner's "failure-to-file" claim under the *Flores-Ortega* line of cases is even legally viable. *But see Chacon v. Wood*, 36 F.3d 1459, 1464-65 (9th Cir. 1994) (determining an error by an interpreter can give rise to an ineffective assistance of counsel claim). The Supreme Court in *Flores-Ortega* dealt with ineffective assistance of *counsel*. 528 U.S. at 480. But, Petitioner's claim (at least now) is that his *translator* erred.

Accordingly, the court finds that Petitioner never directed Brower to file an appeal and, as a result, this claim also fails.

**III.    Conclusion**

For the foregoing reasons, Petitioner Cesar Baltazar Sanchez's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is due to be denied. A separate Order will be entered.

**DONE** and **ORDERED** this May 26, 2021.

*[signature]*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE